UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUKE ATWELL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 19-13456 (FLW)<br><br>OPINION |

This matter has been opened to the Court by Petitioner Luke Atwell's ("Atwell" or "Petitioner") filing of a counseled motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 ("Motion"). For the reasons explained in this Opinion, the Court denies the Motion and also denies a certificate of appealability.

I.    **FACTUAL BACKGROUND[1] & PROCEDURAL HISTORY**

The Third Circuit Court of Appeals provided the following brief summary of the Atwell's criminal acts:

> Homeland Security Investigations (HSI) Special Agents arrested Atwell and Castelluzzo at a U.S. Post Office in Manville, New Jersey, after the Special Agents effected a controlled delivery to Atwell of a package from China containing 2.9 kilograms of methylone. Approximately a month before the controlled delivery, Agents with the Drug Enforcement Administration seized a package containing 6.624 kilograms of methylone from an apartment in East Orange, New Jersey, that was being used to package drugs. A search of the apartment yielded certain personal items belonging to Castelluzzo, as well as items to be used to package and ship the drugs. While the search was being executed, Atwell arrived, purportedly for the purpose of giving a pair of winter gloves to Rafael Santiago-Soto, who was in the apartment and was directing the packaging of the drugs.

---

[1] The factual background is taken from the record in this matter and the record on appeal.

*United States v. Atwell*, 743 F. App'x. 495, 497 (3d Cir. 2018).

Atwell and Castelluzzo were arrested and charged by complaint filed on April 17, 2013, and later charged by indictment filed on August 28, 2013, with conspiring to import contraband and importing contraband, in violation of 18 U.S.C. §§ 371 and 545. Crim. No. 13-560, Dkt. Nos. 1, 22. A superseding indictment charging Atwell and Castelluzzo with conspiring to distribute methylone, cocaine, MDMA and marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846, was subsequently filed on September 15, 2014. *Id.* at 46.

The record reflects that Atwell rejected an offer to plead guilty that was made by the Government in December 5, 2013, prior the filing of the superseding indictment. It also appears undisputed that in December 2014, following the filing of the superseding indictment, the Government invited Atwell to an in-person meeting to preview the case against him and discuss his options, including a plea, but Atwell declined.

Atwell did not agree to plead guilty until after the Court's ruling on the defendants' suppression and other pretrial motions shortly before trial, at which point the Government offered Atwell and Castelluzzo plea agreements dated May 13, 2015, that were expressly contingent on both defendants' acceptance. *See* May 13, 2015 Plea Agreement With Luke Atwell, annexed to Answer as Exhibit 1. The May 13, 2015 plea agreement offered to Atwell provided, in relevant part, that:

> As of the date of this letter, it is expected that Luke Atwell will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Luke Atwell's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of

>responsibility will be appropriate. See U.S.S.G. § 3El.1(a) and Application Note 3.

*See id.* The May 13, 2015 plea agreement did not provide for an additional 1-level downward adjustment under U.S.S.G. § 3El.1(b). *See id.* In addition, the May 13, 2015 plea agreement offered to Atwell stipulated that the total Guidelines offense level applicable to Atwell was 28. *See id.* The parties agree that Atwell signed the May 13, 2015 plea agreement, but Castelluzzo did not, and the plea agreement was withdrawn.

On May 11, 2015, a Frye hearing was held on the plea agreement offered to Atwell in December 2013. *See* Crim No. 13-560, Dkt. No. 91, Trial Tr. dated May 11, 2015, at 204-209. A Frye hearing on the May 2015 plea agreement was held for Castelluzzo on May 18, 2015 (but not for Atwell, since he had signed the May 13, 2015 plea agreement). *See* Dkt. No. 130 Trial Tr. dated May 18, 2015, at 3-5.

On May 29, 2015, following a nearly two-week trial, a jury convicted Atwell and Castelluzzo of conspiring to distribute methylone, cocaine, MDMA, and marijuana. *See* Crim. No. 13-560, Dkt. Nos. 102.

At sentencing, Atwell sought a two-level reduction for acceptance of responsibility, relying on the fact that he signed the May 13, 2015 plea agreement and did not testify at trial. Sentencing Tr. Dated Mar. 21, 2016 at 53:20-55:1. This Court found, however, that Atwell was not entitled to a two-level reduction for acceptance of responsibility and provided the following reasoning:

>And the Guideline 3E1.1 is worded as: "If the defendant clearly demonstrates acceptance of responsibility for his offense, he gets the two-level increase."
>
>As the comment to this points out under the application notes, it is not intended to apply to defendants who put the government to its burden in proceeding to trial and then only admits guilt and expresses remorse. <u>By the way, we still don't have that because he has not admitted guilt and expressed remorse, and that has not</u>

3

> happened in any of the submissions that have been made to me to date, neither of those.

*See id.* at 56:13-57:1 (emphasis added). This Court went on to further note:

> I have still not gotten a clear acceptance of responsibility based upon factual guilt. And furthermore simply saying he would have been prepared at the last moment to enter into a plea that would have included some sort of benefits to him, whether it was reduced charges or whatever, is not the answer. He still never has accepted factual guilt. He is not obligated to be given a plea. As the government points out, he could have pled to the indictment if he wanted to accept responsibility for his actions and admitted factual guilt and could have then received a two-level adjustment. He chose not to and it's totally his right to proceed to trial. But to this day he has not clearly demonstrated acceptance of responsibility.
>
> He is not entitled to the two-level adjustment. This does not fall within the rare case by a long-shot.

57:14-58:6 (emphasis added).

This Court sentenced Atwell to 220 months incarceration followed by three years of supervised release. *See* Crim. No.13-560, Dkt. Nos. 107-108.

Following his sentencing, Atwell filed an appeal contending that this Court had erred in four respects: (1) attributing to him at sentencing responsibility for the six-plus kilograms of methylone seized at the East Orange drug mill; (2) applying the enhancement in U.S.S.G. § 3B1.1(b) for being a manager or supervisor; (3) refusing to apply a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1; and (4) denying his motion to suppress evidence that was seized over the course of law enforcement's investigation. *See United States v. Atwell*, 743 Fed. Appx. 495 (3d Cir. 2018).

The Third Circuit affirmed the Court's judgment in all respects. With respect to Atwell's claim that he was entitled to the two-point reduction for acceptance of responsibility, the Third Circuit held as follows:

> According to Atwell, the District Court also erred by refusing to apply a downward adjustment for his acceptance of responsibility

4

> under U.S.S.G. § 3E1.1. Atwell explained that he was willing to accept a plea agreement but was compelled to stand trial because the agreement was contingent on Castelluzzo entering a plea. He also asserted that he had "done nothing but profess his innocence and work with the government to achieve an appropriate and expedited resolution of the charges." Atwell Br. 33. In light of the District Court's finding that Atwell had yet to admit his guilt and express remorse, the District Court did not err by refusing to apply this adjustment.

*United States v. Atwell*, 743 F. App'x. 495, 498 (3d Cir. 2018).

It is also notable that at the time of his sentencing, Atwell had been charged by the State of New Jersey with racketeering, conspiracy to commit murder, and conspiracy to distribute controlled dangerous substances ("CDS"). *See* PSR ¶ 105. The complaint alleged that these crimes had occurred between November 2014 and April 2015 – after Atwell had been arrested in this case, and while he was on pre-trial release in this District. *Id.* Because these charges were still pending at the time of sentencing, they were not included in Probation's calculation of Atwell's criminal history. *Id.* A sixteen-count indictment against Atwell and other defendants was filed on March 3, 2016. *See id.*

After sentencing in this matter, Atwell sought to have his federal sentence run concurrent to any state sentence, and by Order dated July 19, 2017, this Court granted that motion. *See* Crim. No. 13-560, Dkt. No. 32. Atwell pled guilty to an amended charge of first-degree Leader of a Narcotics Trafficking Network, and he was sentenced by the Superior Court of New Jersey, Atlantic County to an imprisonment term of 19 years on June 14, 2018.[2] *See* Exhibit 3.

Atwell thereafter filed an motion pursuant to 28 U.S.C. § 2255 on May 10, 2019, asking the Court to vacate his sentence and then resentence him, on the basis that he received ineffective

---

[2] Atwell is currently incarcerated at East Jersey State Prison. *See* NJDOC Inmate Locator. *See* https://www20.state.nj.us/DOC_Inmate/details?x=1380169&n=1.

5

assistance of counsel from Pasquale Giannetta, Esq. ("Giannetta").[3]  Atwell's Petition relates to the advice he received surrounding the plea agreements that the Government offered to Atwell and Castelluzzo on the eve of trial in May 2015. *See* Petition.  Atwell raises a single ground for relief:

> My trial attorney was ineffective. He never advised me that I could plead guilty and not go to trial, even though my co-defendant refused to plead guilty. Had I been aware of this option, I would have entered a guilty plea and been in a lower sentencing guideline range by receiving three points off for acceptance of responsibility. I was never advised of this option and was told because my co-defendant refused to plead guilty my only option was to go to trial. This advise [sic] caused this defendant to be sentenced to a higher guideline range.

*See* Motion at 2.  Atwell's Motion does not provide any additional facts, by affidavit or otherwise, to support his statement that he would have received "three points off for acceptance of responsibility."

The government submitted its Answer on February 14, 2020.  ECF No. 11.  In response to the allegations, Giannetta submitted an affidavit regarding the two plea agreements received by Atwell in this case. ECF No. 10, Affidavit of Pasquale F. Giannetta, Esq. ("Giannetta Affidavit").  As to the May 13, 2015 plea agreement, Giannetta stated in relevant part that after Atwell signed and dated the agreement, Giannetta was informed by the U.S. Attorney that the plea was contingent on Mr. Castelluzzo's acceptance of the plea.[4]  Giannetta Affidavit ¶ 8.  With respect to Atwell's allegation that Giannetta did not discuss his option to enter a plea without a plea agreement from the government, Giannetta stated the following:

---

[3] Atwell's counsel initially filed the Motion in Atwell's criminal matter.

[4] The plea agreement itself states in the first paragraph that "the government's offer to enter into this plea agreement is contingent on" codefendant Mr. Castelluzzo's acceptance of the plea agreement sent to his counsel on May 13, 2015.  *See* Exhibit 1, May 13, 2015 Plea agreement at 1.

> I do not specifically recall telling the Defendant at that time that he could plea openly to the Indictment since we were ready willing and able to start the trial and there was no consideration by the Defendant to enter a guilty plea until a plea offer was tendered to him on May 15, 2015.

*Id.* ¶ 11.  Giannetta also stated that he had a "faint recollection" that this Court may have mentioned Atwell's option to enter an open plea at the *Frye* hearing.  *Id.* ¶ 10.  The record, however, does not indicate that such a colloquy took place.

On June 8, 2021, more than sixteen months after the government submitted its Answer, Petitioner's counsel filed an untimely Reply Brief.[5]  *See* ECF No. 12.

## II.   STANDARD OF REVIEW

Title 28, United States Code, Section 2255 permits a court to vacate, correct, or set aside a sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255.

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal."  *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).  In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations

---

[5] The Order to Answer provided Atwell with 45 days to submit a Reply in response to the government's Answer.  Atwell's counsel did not seek permission to file a late Reply Brief or provide any good cause for the late submission.  As such, the Court declines to consider his late Reply Brief.  But even if the Court considered this submission, it does not include any sworn statements by Atwell regarding his willingness to admit guilt and accept responsibility for his crimes.

unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).

The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46). Moreover, the Third Circuit has "repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citations omitted).

### III. ANALYSIS

In his Motion, Plaintiff asserts that Giannetta provided ineffective assistance of counsel by failing to advise him that he could enter an "open" guilty plea, rather than go to trial, after the government withdrew the May 13, 2015 plea offer. An open guilty plea is a plea made by the defendant without the benefit of a plea agreement entered into with the Government. *See, e.g., United States v. Casiano*, 113 F.3d 420, 423 (3d Cir. 1997). Plaintiff further alleges that had his attorney so advised him, he "would have entered a guilty plea and been in a lower sentencing guideline range by receiving three points off for acceptance of responsibility." *See* Motion at 2.

To succeed on a Sixth Amendment ineffective assistance of counsel claim, a prisoner must establish: 1) his "counsel's representation fell below an objective standard of reasonableness," and 2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Holland v. Horn*, 519 F.3d 107, 120 (3d Cir. 2008). If the movant fails to satisfy either prong of the *Strickland* standard, his claim will fail. *Strickland*, 466 U.S. at 697.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that the *Strickland* test applies to advice given by counsel in the context of guilty plea discussions. *See id.* at 58 (stating that "the *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel"). The Sixth Amendment right to counsel includes the right to effective assistance of competent counsel during the plea-bargaining process and when deciding whether to plead guilty. *Lafler v. Cooper*, 566 U.S. 162-63 (2012). Where a defendant brings an ineffective assistance of counsel claim based on advice received during the plea process, "a defendant must show the outcome of the plea process would have been different with competent advice."[6] *Id.* at 163. Where a defendant claims his counsel failed to provide him with all plea options, he must show that "that, but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence" by entering an open plea. *Booth*, 432 F.3d at 546-47; *see also Hill*, 474 U.S. at 58.

In *U.S. v. Booth*, 432 F.3d 542, 550 (3d Cir. 2005), Booth alleged in his motion that his trial counsel, aware that the evidence against Booth was overwhelming and that Booth did not want to cooperate with the Government, did not inform Booth that he could have entered an open guilty plea to both counts of the indictment. Notably, in his motion, Booth alleged that he "would have truthfully admitted the conduct comprising counts one and two and any additional relevant conduct" and accordingly "would have likely received a three-level reduction for acceptance of responsibility" had he chosen not to proceed to trial. *Id.* at 548.

---

[6] Petitioner likens his situation to the petitioner in *Missouri v. Frye*, 566 U.S. 134, 144 (2012). There, the Supreme Court considered whether defense counsel has a "duty to communicate the terms of a formal offer to accept a plea on terms that may result in a lesser sentence, or conviction on lesser charges, or both." *Id. Lafler* concerned whether a remedy lies for a petitioner who claims that ineffective assistance of counsel caused his nonacceptance of a proffered plea agreement from the government and further proceedings led to a less favorable outcome. *Lafler*, 566 U.S. at 160.

Atwell's Motion is readily distinguishable from the facts of *Booth*. Atwell's Motion alleges that he would have pleaded guilty had his counsel advised him he could enter an open plea, but he provides no factual allegations (or an affidavit) about his willingness to admit his guilt and any additional relevant conduct.[7] Indeed, Atwell appears to assume that he would be entitled to a three-point reduction for acceptance of responsibility simply by entering an open plea to the charges on the eve of trial. In addition to a willingness to enter an open plea, Atwell would have been required <u>to admit his guilt and accept full responsibility for his part in drug conspiracy</u>, something he has never done. It is significant here that Atwell has not provided an affidavit or even alleged that he would have admitted his guilt sufficient to warrant the reduction, had his counsel advised him he could enter an open plea rather than proceed to trial. *See United States v. Bennett*, 161 F.3d 171, 196 (3d Cir. 1998) (defendant bears the burden of proving he is entitled to downward adjustment under Sentencing Guidelines for acceptance of responsibility and the district court's determination is not limited solely to whether the defendant entered a guilty plea); U.S.S.G. § 3E 1.1.

Atwell also incorrectly assumes he would have received <u>a three-point deduction</u> for acceptance of responsibility. He presumably is referring to (1) the two-level decrease in offense level available under U.S.S.G. 3E1.1(a) to a defendant who "clearly demonstrates acceptance of responsibility for his offense"; and (2) the additional one-level decrease available under U.S.S.G. 3E1.1(b) upon motion by the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his

---

[7] In addition, unlike *Booth*, Atwell provides no facts to suggest that going to trial was a poor strategy in light of the overwhelming nature of the evidence against him or for another reason. As such, it is not clear his counsel was deficient for failing to discuss the possibility of an open plea, which would not have included the stipulations in Schedule A of the May 13, 2015 plea agreement.

intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently…."
 U.S.S.G. 3E1.1.

As noted *supra*, the May 13, 2015 plea agreement offered to Atwell contemplated only a two-level decrease under U.S.S.G. 3E1.1(a); it did not offer, and made no reference to, any motion by the Government for an additional one-level increase under U.S.S.G. 3E1.1(b). Indeed, Atwell did not "timely notify" the Government of his intention to enter a guilty plea; to the contrary, he rejected the Government's December 2013 plea offer and declined the Government's offer to meet with him in December 2014 – five months before trial – to preview the case against him and discuss his options, including a plea. As explained in the Commentary to U.S.S.G. 3E1.1,

> [i]n general, the conduct qualifying for a decrease in offense level under subsection (b) will occur particularly early in the case. For example, to qualify under subsection (b), the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.

U.S.S.G. § 3E1.1 cmt. n.6. The Court agrees with the government that the record belies Atwell's belief that he would have received a three-point deduction for acceptance of responsibility. The Court therefore rejects Atwell's claim that but for his attorney's deficient advice, he would have pleaded guilty and received a three-point deduction for acceptance of responsibility.

The record in this matter also belies the notion that Atwell would have fully accepted responsibility for his crimes to the extent required to receive the two-point reduction he now seeks based on his counsel's purported failure to advise him that he could enter an open plea after the government withdrew the May 13, 2015 plea agreement. In *United States v. Gonzalez– Rivera*, 217 F. App'x 166 (3d Cir.2007) (nonprecedential), the Third Circuit held that a petitioner

11

who relied on *Booth* failed to show prejudice for purposes of *Strickland*, by arguing "summarily that he would have accepted a plea agreement and that there is a reasonable probability that his sentence would have been more favorable had he pursued a plea agreement." *Id.* at 169. The Third Circuit determined that the "alleged prejudice that [the petitioner] may have suffered ... is far too speculative," because the petitioner's contention that he would have accepted a guilty plea was "belied" by the fact that the petitioner "maintained his innocence throughout [the trial] proceedings and therefore was not willing ... to plead guilty to the charges against him." *Id.*

Although Atwell signed the government's May 13, 2015 plea offer on the eve of trial, the plea offer would have entitled him to a 2-point downward departure for acceptance of responsibility <u>if and only if</u> he truthfully admitted his involvement in the offense and related conduct, did not engage in conduct inconsistent with such acceptance of responsibility, and his acceptance of responsibility continued through the date of sentencing. And in the absence of a plea agreement, the government would have been free to argue for the same enhancements it argued for at Atwell's sentencing and to argue that Atwell was not entitled to the acceptance of responsibility deduction.

It is also notable that after the government withdrew the plea offer, Atwell maintained his innocence through trial, sentencing, and on appeal. Atwell claimed he was entitled to the reduction despite the fact he maintained his innocence, and this Court and the Third Circuit rejected his arguments. Atwell has also consistently minimized his role in the criminal enterprise, and no reduction is warranted under such circumstances. *See U.S. v. Ortiz*, 878 F.2d 125, 128 (3d Cir. 1989); *see also United States v. McDowell*, 888 F.2d 285, 292 n. 2 (3d Cir. 1989).

In sum, Atwell has never accepted responsibility or expressed remorse for his conduct, and his claim that he would have entered an open plea <u>and</u> received a reduction for acceptance of responsibility is without sufficient factual support in his Motion papers and the record. Petitioner has not shown a reasonable probability that he would have received a lower sentence based on the acceptance of responsibility deduction under U.S.S.G. § 3E1.1 had his attorney informed he could accept an open plea, and any alleged prejudice suffered by Petitioner is "far too speculative."  *Gonzalez–Rivera*, 217 F. App'x at 170; *see also Darby v. U.S.*, No. 10–1437 2010 WL 4387511, at *6 (D.N.J. Oct. 28, 2010) (same).  Therefore, the Petition is denied for lack of prejudice.

## IV. <u>CONCLUSION</u>

For the reasons explained in this Opinion, the Court denies the Motion.  Moreover, the Court denies a certificate of appealability as reasonable jurists would not find the Court's assessment debatable.  *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An appropriate Order follows.

<u>s/Freda L. Wolfson</u>
Freda L. Wolfson
U.S. Chief District Judge

DATED: May 20th, 2022.