UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUKE ATWELL,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 19-13456 (FLW)<br><br>MEMORANDUM & ORDER |

This matter has been opened to the Court by Petitioner Luke Atwell's ("Atwell" or "Petitioner") filing of a motion seeking reconsideration of the Court's denial of his § 2255 motion. ECF No. 23. The government opposes Atwell's motion. ECF No. 24. For the reasons explained below, the motion for reconsideration is denied.

In his counseled § 2255 Petition, Atwell asserted an ineffective assistance of counsel claim on the basis that his trial counsel, Pasquale Giannetta, Esq. ("Giannetta"), failed to advise him of his right to enter an open guilty plea instead of proceeding to trial. In its May 20, 2022 opinion (the "Opinion") denying Petitioner's § 2255 motion, the Court reviewed the relevant record with respect to this claim.

That record reflected that Atwell rejected an offer to plead guilty that was made by the Government in December 5, 2013, prior the filing of the superseding indictment. In December 2014, following the filing of the superseding indictment, the Government invited Atwell to an in-person meeting to preview the case against him and discuss his options, including a plea, but Atwell declined. After the Court ruled on defendants' suppression and other pretrial motions shortly before trial, the Government offered Atwell and codefendant Castelluzzo plea agreements

dated May 13, 2015, that were expressly contingent on both defendants' acceptance.  *See* May 13, 2015 Plea Agreement With Luke Atwell, annexed to the government's answer as Exhibit 1.

The May 13, 2015 plea agreement offered to Atwell stipulated that the total Guidelines offense level applicable to Atwell was 28, and that total offense level included a 2-point reduction for acceptance of responsibility, if Petitioner truthfully admitted his involvement in the offense and did not engage in conduct inconsistent with acceptance of responsibility.  *See id.*  The parties also agreed not to argue for a sentence outside the guidelines range for the total offense level, or seek upward or downward departures, adjustments, or variances.  *See id.*  Atwell signed the May 13, 2015 plea agreement, but Castelluzzo did not, and the government withdrew the plea agreement.

Subsequently, On May 29, 2015, following a nearly two-week trial, a jury convicted Atwell and Castelluzzo of conspiring to distribute methylone, cocaine, MDMA, and marijuana.  *See* Crim. No. 13-560, Dkt. Nos. 102.  This Court sentenced Atwell to 220 months incarceration followed by three years of supervised release.  *See* Crim. No.13-560, Dkt. Nos. 107-108.

Atwell maintained his innocence not only at trial, but in discussions with U.S. Probation after the trial, during sentencing, and on direct appeal.  As the Court noted in the Opinion, there has been no acceptance of responsibility by Atwell for his criminal conduct to date.  *See* Opinion at p. 13.

Notwithstanding his continued failure to accept responsibility for his criminal conduct, Atwell claimed in his § 2255 motion and now on reconsideration that he was prejudiced by Giannetta's failure to advise him of his option to enter an open guilty plea after the government withdrew the May 13, 2015 plea agreement.  Atwell claims he lost the benefit of an open plea

option, that he "otherwise would have accepted with proper legal advise [sic]." ECF No. 23, June 4, 2022 brief in support of Motion for Reconsideration (the "Atwell Brief") at p. 3.

Atwell submits that reconsideration is warranted because the Court erred in focusing "solely on [Petitioner's] claim of innocence" as the basis for denying his motion without a hearing. Petitioner contends that the Court should either grant his motion or hold an evidentiary hearing to explore whether his attorney was deficient and whether he was prejudiced. *See* Atwell Brief at p. 3.

Reconsideration under Local Civil Rule 7.1 is an "extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (quotation omitted). To succeed on a motion for reconsideration, a moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not an opportunity for the court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. Reconsideration is instead permitted only when the court was presented with, but overlooked, dispositive factual matters or controlling decisions of law. *Id.* "The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, Civ. No. 97-5127, 2011 WL 2975532, at *3 (D.N.J. July 21, 2011).

With respect to the third prong of the standard for reconsideration, "a court commits clear error of law 'only if the record cannot support the findings that led to the ruling.'" *Rich v. State*,

3

294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting *ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010)). A movant's "[m]ere disagreement with the Court's decision" is insufficient to show a clear error of law. *ABS Brokerage Servs., LLC*, 2010 WL 3257992, at *6 (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)) (internal quotation marks omitted).

Here, the Court denied the § 2255 Motion because Atwell failed to show sufficient prejudice resulting from his counsel's alleged failure to inform Atwell that he could plead open instead of proceeding to trial. In order to prevail on a claim for ineffective assistance of counsel, a defendant must (1) show that, considering all circumstances, counsel's performance fell below an objective standard of reasonableness; and (2) prove that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both components of the ineffective assistance inquiry, and may dispose of a claim on the ground of lack of sufficient prejudice. *Id.* at 697. In order to demonstrate prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As the Court noted in the Opinion, "[w]here a defendant brings an ineffective assistance of counsel claim based on advice received during the plea process, 'a defendant must show the outcome of the plea process would have been different with competent advice.'" Opinion at p. 9 (quoting *Lafler v. Cooper*, 566 U.S. 162, 163 (2012)). "Where a defendant claims his counsel failed to provide him with all plea options, he must show 'that, but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence' by entering an open plea." Opinion at p. 9 (quoting *United States v. Booth*, 432 F.3d 542, 546-47 (3d Cir. 2005)).

4

In denying the 2255 Petition, the Court found that there was insufficient support in the record or the motions papers showing a reasonable probability that Atwell would have entered an open plea and received a lower sentence based on the acceptance of responsibility deduction under U.S.S.G. §3E1.1 had his attorney informed him that he could enter an open guilty plea instead of proceeding to trial. In so finding, the Court emphasized that Atwell had never accepted responsibility or expressed remorse for his criminal conduct. *See* Opinion at p. 13. Atwell now argues that reconsideration is warranted because the Court "erred in focusing upon [Atwell's] claim of innocence" in denying his 2255 Motion. *See* Atwell Brief at p. 2.

Atwell cites to two supporting decisions – one unreported decision from this District, *Hines v. Ricci*, Civ. No. 10-4130, 2014 WL 314430 (DMC) (D.N.J. Jan. 28, 2014), and one decision by the U.S. Court of Appeals for the Sixth Circuit, *Griffin v. United States*, 330 F.3d 733 (6th Cir. 2003) – for the proposition that an inquiry "solely involving" whether a defendant proclaimed innocence "is not the correct means by which to address prejudice when assessing a claim of ineffective assistance of counsel in the plea negotiation process." *See* Atwell Brief at p. 2.

These decisions are inapposite. Significantly, neither case involved a claim for ineffective assistance of counsel based on counsel's failure to advise the petitioner that he could enter an open guilty plea after the government withdrew a plea deal. In both cases, plea offers from the government were on the table, and those defendants alleged that they were unable to avail themselves of the reduced sentences offered by the government: in Hines's case, because he had rejected the plea offer after his counsel had incorrectly advised him of his maximum sentencing exposure if he proceeded to trial, and in Griffin's case, because his counsel had failed to make him aware of the plea offer or his maximum sentencing exposure. *See Hines*, 2014 WL

314430 at *6-9; *Griffin*, 330 F.3d at 735. The prejudice to the defendants in each case resulted from the difference between the government's plea offer – which the defendants alleged they would have accepted had they been properly advised by counsel – and the potential sentence if convicted following trial.[1] *See Griffin*, 330 F.3d at 739.

      Here, unlike the scenarios in *Hines* and *Griffin*, the plea offer from the government had <u>already been been withdrawn</u> at the time that Atwell's counsel purportedly failed to advise him of his ability to enter an open plea. In this context, the Court determined that Atwell failed to show that he had suffered prejudice based on counsel's failure to discuss the possibility of an open plea. While the record in this case shows that Atwell was willing to enter into a plea deal on the eve of trial, that plea agreement included a substantial benefit to Atwell.[2] The record in this matter does not show that Atwell would have been willing to enter an open plea in the

---

[1] Atwell appears to believe that prejudice in this matter should be measured by the difference between the sentence he may have received if the May 13, 2015 plea agreement had not been withdrawn and the sentence he received following trial. *See* ECF No. 25, Atwell Reply Brief at p. 5. This is incorrect because the government would not have been bound by any of the stipulations in the May 13, 2015 plea agreement had Petitioner entered an open plea.

[2] In the May 13, 2015 plea agreement, the parties agreed that the total offense level at sentencing would be 28 ( which including the 2-point deduction for acceptance of responsibility if Petitioner truthfully admitted his involvement in the offense and did not engage in conduct inconsistent with acceptance of responsibility), and that neither party would argue for a sentence outside the guidelines range resulting from the total offense level or seek an upward or downward departure, adjustment or variance. If Petitioner sought to enter an open plea, he would <u>not</u> have had the benefit of this agreement, and the government would be free to argue for enhancements resulting in a higher total offense level and oppose the 2-point deduction for acceptance of responsibility. Moreover, as noted in the Government's response to the 2255 Petition, the government would have had the ability to argue for an upward variance at sentencing had Atwell entered an open plea of guilty due to Atwell's lengthy criminal history, which was not fully reflected in the criminal history calculation of III made by Probation.

absence of any agreed upon benefit. This is particularly true given Atwell's continued insistence on his innocence.[3]

Contrary to Atwell's assertions, however, the Court did not "solely" consider Atwell's continued assertion of his innocence in denying the 2255 Petition. Instead, the Court properly considered this fact in the context of the proceedings as a whole, including the extremely sparse allegations in the motion itself, which notably lacked any facts or context showing that Atwell would have been willing to enter an open plea in the absence of any benefit to him or fully admit his role in the drug conspiracy. Indeed, the Court found in its Opinion, that Atwell's "'bald assertions and conclusory allegations'" that he would have pled open and received the reduction for acceptance of responsibility had he been advised of the option are conclusory and "'do not afford a sufficient ground for an evidentiary hearing.'" Opinion at p. 8 (quoting *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010)).

In sum, based on its analysis of the record as a whole, the Court properly found that Atwell had failed to show a reasonable probability that he would have received a lower sentence based on the acceptance of responsibility deduction under U.S.S.G. §3E1.1 had his attorney informed him that he could enter an open plea rather than proceed to trial. As such, Petitioner's motion for reconsideration is denied.

**IT IS, THEREFORE**, on this 13th day of January 2023,

**ORDERED** that the Clerk of the Court shall mark this matter as OPEN so that the Court can consider Petitioner's motion for reconsideration; and it is further

---

[3] Atwell also focuses on his right to maintain his innocence prior to and throughout his trial. But the Court focused on the fact that he continued to maintain his innocence following trial and on appeal, and has never admitted or taken responsibility for his role in the criminal conspiracy.

**ORDERED** that the motion for reconsideration, ECF No. 23, is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the address on file, and mark this matter as CLOSED.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge